■ In the Matter of the Arbitration of FLAIR COAT Co., INC., Respondent, and FRENCH AMERICAN BRITISH WOOLENS CORP., Respondent, and RUSCH & Co., Appellant.— Order entered on January 31, 1963 granting petitioner's application to stay the action pending arbitration unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant and motion denied. We must reverse because we can find no agreement to arbitrate between petitioner-respondent and respondent-appellant's assignor. The only reference to arbitration is the provision in the purchase order that " This order is given subject to the terms herein stated and those published by the seller including arbitration which are hereby accepted by the buyer." Apart from the above provision it is uncontroverted that none of the terms stated in the order itself provided for arbitration. It is also uncontroverted that there were no terms " published by the seller ". Absent the existence of such terms to spell out the scope of the arbitration and the obligations of the parties with respect thereto, we must find that there has been no agreement to arbitrate (see *Matter of Doughboy Ind.,* 17 A D 2d 216; *Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288). In view of the above we need

consider no other questions. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.